## CIRCUIT COURT OF FAIRFAX COUNTY

Michael Runnels

v.

O'Neill

July 15, 1998

Case No. (Law) 172371

BY JUDGE STANLEY P. KLEIN

This cause is before the Court on Michael Runnels' appeal of the Fairfax County Executive's determination that a complaint filed by Runnels concerning the county's failure to promote him to a position within the Fairfax County Fire and Rescue Department (the "Department") is nongrievable. Runnels asserts that he has articulated a cognizable grievance pursuant to Chapter 17 of the Fairfax County Personnel Regulations ("Regulations"), based upon an alleged violation of departmental policies and procedures within the Department. For the reasons set forth herein, the Court agrees with Runnels, and the case is remanded to the Fairfax County Civil Service Commission for an appropriate hearing on the merits.

### I. *Background*

Runnels is a firefighter within the Department assigned to Fire Station 21. He initiated a grievance on February 24, 1998, after the Department promoted Jim Hedrick to the position of Captain 1 at Fire Station 14. Runnels had also applied for that position. In his grievance, Runnels argued that Hedrick was not appropriately qualified for the position of Captain 1 at Fire Station 14 because Hedrick was not certified for the Department's Technical Rescue Operations Team ("TROT"). Runnels asserted that, pursuant to departmental policy, all personnel assigned to Fire Station 14 must be TROT certified and that Hedrick's lack of such qualification precluded him from consideration.

The Department disagreed with Runnels' interpretation of the relevant policies and procedures. After taking all of the necessary steps under the Regulations which govern grievances,[1] Runnels' case was submitted to the County Executive for consideration. The County Executive determined that Runnels' claim was nongrievable. This appeal followed.

## II. *Analysis*

Chapter 17 of the Regulations sets forth the relevant procedures for Fairfax County employee grievances. Grievable complaints include situations where an employee asserts the violation of a county policy, procedure, rule, or regulation. *See, Regulations*, § 17.3(2)(b). Pursuant to § 17.4(1)(d), failure to promote does not constitute a sufficient basis for filing a grievance, unless the employee "contends that established promotional policies or procedures were not followed or applied fairly." If an employee alleges a grievable complaint, a hearing is held on the merits by the Fairfax County Civil Service Commission. *Regulations*, § 17.5(5).

Runnels specifically asserts that the Department failed to adhere to Standard Operating Procedure ("SOP") 2.6.02(IX)(E) when it promoted Hedrick to Captain 1 at Fire Station 14. That section states that:

> Emergency Services is required to staff haz-mat and technical rescue stations with certified personnel. When one of these positions becomes available, the Emergency Services Assistant Chief or designee may review transfer requests and eligibility lists and transfer or promote a qualified individual into the vacancy.

*Id.* Runnels further contends that the Technical Rescue Operations Teams Manual ("TROT Manual") requires that personnel assigned to Fire Station 14 be certified in Technical Rescue Operations II ("TRO II"). *TROT Manual*, § III(B)(2)(a)(1)(a). Because Hedrick was not TRO II certified at the time of his promotion to Captain 1, Runnels argues that the department violated the pertinent regulations. Finally, Runnels asserts that the court need not ascertain the substantive merits of his position, only whether Runnels' complaint is "grievable," such that he is entitled to a hearing before the Civil Service Commission.

---

[1] The County does not claim, nor is it apparent from the record, that Runnels failed to follow the requisite procedures for filing a grievance.

The County responds by asserting that there has been no violation of any of the relevant policies or procedures. The County asserts that section III(B)(2)(a)(1)(a) of the TROT Manual pertains to the *training* requirements at Fire Station 14 and has nothing to do with the qualifications of personnel as of the time of staffing. In addition, the County contends that the relevant regulations do not require that *all* personnel assigned to Fire Station 14 be certified. In support of that contention, the County relies upon TROT Manual § II(A)(2)(a), which outlines the staffing requirements for Fire Station 14. Pursuant to that section, the County argues, the Department need only staff one TRO II certified officer for Fire Station 14. Because Fire Station 14 already meets this staffing provision, the County asserts that it was not necessary to assign a TRO II certified officer as Captain 1 at that station. Finally, the County argues that there must be more than a bald allegation by an employee of a violation by the Department of its policies and procedures to constitute a grievable complaint. Otherwise, the County asserts, an employee could render any action a grievable offense merely by alleging that some regulation or procedure was violated, regardless of the underlying validity of the claim. Based on the facts set forth by Runnels in the record, the Court cannot agree with the County in this case.

Although the Court shares the County's concern for potential abuse of the grievance procedures by individuals asserting totally nonmeritorious claims, this is not such a case. Runnels' claim goes beyond the shallow assertions of an individual deprived of a promotion or assignment who has stated no colorable claim based on a violation of applicable policies, procedures, rules, or regulations. The Court holds that when an employee asserts, in good faith, a grievance which presents an objectively reasonable allegation of a violation of applicable policies, procedures, rules, or regulations, the complaint is grievable and is subject to a merits determination by the Civil Service Commission. Based upon its review of the record before it, the Court finds that reasonable minds could differ as to the effect of the regulations on the positions of the parties in this case, and Runnels is therefore entitled to a hearing before the Commission. Accordingly, the County Executive's determination of nongrievability is reversed and the matter is referred to the Fairfax County Civil Service Commission for a hearing on the merits of Runnels' grievance.